JOHN TYMCZYSZYN
John T Law, PLLC
700 112th Ave NE, Suite 300
Bellevue, WA 98004
Telephone: 425.533.2156
Email: johnt@johntlaw.com

THOMAS G. JARRARD
Law Office of Thomas G. Jarrard, PLLC
1020 N. Washington Street
Spokane, WA  99201
Telephone: 425.239.7290
Email: Tjarrard@att.net

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTER DISTRICT OF WASHINGTON**

| | |
|---|---|
| Nadir Jailani,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Peak Parking LLC., and William Spielhagen, individually.<br><br>　　　　　Defendants. | CASE NO.   2:21-cv-875<br><br>COMPLAINT FOR VIOLATIONS OF USERRA, WLAD AND DEMAND FOR TRIAL BY JURY<br><br>EXEMPT FROM FILINGFEES UNDER 38 U.S.C. § 4323(h)(1) |

**I.　　INTRODUCTION**

1.　　This civil action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 - 4335 (USERRA), the Washington Law Against Discrimination (WLAD), by a servicemember.

2.　　The filing of this Complaint is exempt from filing fees under 38 U.S.C. § 4323(h)(1).

3.　　Plaintiff, Nadir Jailani (hereinafter "Mr. Jailani" or "Plaintiff"), by the undersigned attorneys, avers as stated herein.

COMPLAINT AND JURY DEMAND - 1

## II. PARTIES AND JURISDICTION

4. Mr. Jailani resided in the State of Washington and was an employee of Defendants, Peak Parking LLC., and William Spielhagen, at all times pertinent hereto.

5. At all times relevant to this lawsuit Mr. Jailani was a member of the United States Army Reserve.

6. Defendant, Peak Parking LLC., is a Washington corporation that is licensed to conduct business in the State of Washington, pursuant to UBI No. 604 605 517.

7. Peak Parking LLC maintains a place of business within this District, located at 720 3rd Ave, Seattle, WA 98104.

8. For the purposes of 38 U.S.C. §§ 4303(4) and 4323(c)(2) Defendant, Peak Parking LLC., is a private employer operating within the State of Washington.

9. Defendant, William Spielhagen is the owner of Peak Parking LLC and Mr. Jailani's supervisor.

10. Defendant, William Spielhagen exercised control over the employment benefits and opportunities of Mr. Jailani, was a primary decision maker regarding Defendants' violation of Mr. Jailani's rights, and for the purposes of 38 U.S.C. § 4303(4), is a private employer.

11. All acts complained of occurred within the Western District of Washington.

12. The Federal Court for the Western District of Washington has personal jurisdiction over the parties and subject matter jurisdiction for the claims in this complaint pursuant to 38 U.S.C. § 4323(b), 28 U.S.C. § 1331, 28 U.S.C. § 1367(a), and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

13. Venue is proper in the Western District of Washington under 38 U.S.C. § 4323(c) and 28 U.S.C. § 1391(b), because the acts and omissions complained herein occurred in this District, and Defendants' conduct business here.

### III.  FACTS

14. In 2015, Mr. Jailani was living in war-torn Pakistan with his pregnant wife.

15. In September, 2015, the couple had a daughter, Mahekaan.

16. On December, 2015, Mr. Jailani moved to the Seattle area for opportunity and a better life, temporarily leaving his wife and child in Pakistan.

17. By December, 2017, Mr. Jailani was able to put together some money and have his wife and child join him in the United States.

18. In 2018, he and his wife had a second daughter, Mehrma.

19. In December, 2019, Mr. Jailani, his wife and two children moved into a one-bedroom apartment in Burien, Washington

20. On May 8, 2020, Mr. Jailani received an offer letter from the defendants. The letter offered Mr. Jailani a base salary of $55,000 per year with various bonuses and benefits.

21. The job represented financial stability and a better life for Mr. Jailani and his family.

22. On May 14, 2020, Mr. Jailani started work as a Parking Operations Manager at Peak Parking (then operating as a branch of Stream Realty Partners).

23. On July 30, 2020, Mr. Jailani enlisted in the U.S. Army Reserves as an Automated Logistical Specialist (92A).

24. Mr. Jailani enlisted in the U.S. Army Reserve at the age of 37 in hopes of providing a better life for his family and leveraging military training in his career.

COMPLAINT AND JURY DEMAND - 3

25. On Aug 9, 2020, Mr. Jailani notified Avarie Anderson, Corporate Operations Manager for Peak Parking via email of his enlistment and upcoming deployment.

26. In August of 2020, the parties exchanged emails regarding Mr. Jailani's upcoming deployment.

27. In September and December 2020, Mr. Speilhagen talked with Mr. Jailani and stated he would "do his best" to reemploy Mr. Jailani after his deployment.

28. On December 28, 2020, Mr. Jailani departed on deployment for Basic Combat Training after personally training his replacement. To date, that replacement still works in Mr. Jailani's position.

29. On January 1, 2021, Peak Parking separated from Stream Realty and began operating as a separate entity.

30. On January 1, 2021, all Peak Parking employees received a letter from Stream Realty Partners informing them that they were no longer employees of Stream Realty Partners.

31. On January 1, 2021, all Peak Parking employees (except for Mr. Jailani) received a letter informing them that they would continue as an employee of Peak Parking.

32. In January of 2021, Mr. Jailani was in military training and could not advocate for himself within the company.

33. During this time period Mr. Jailani was focused on military training, but also planning a better life for his family upon his return home.

34. Mr. Jailani dreamed of joining the middle class, owning a home and getting his wife and children out of the one-bedroom apartment in Burien.

COMPLAINT AND JURY DEMAND - 4

35. The VA Loan Program provided Mr. Jailani an opportunity to qualify for a home loan with no down payment.

36. In April, 2021, Mr. Jailani contact Veterans United Home Loans (VUHL) to begin the home buying process and to become prequalified for a VA home loan.

37. In April, 2021, Mr. Jailani provided VUHL with military documents in order to qualify for the loan.

38. In May, 2021, Mr. Jailani was contacted by VUHL and asked for proof of civilian employment to complete his application for a VA home loan.

39. On May 10, 2021, Mr. Jailani contacted Mr. Speilhagen via email, informed him of his return date and asked for a proof of employment letter similar to the one the other Peak Parking Employees had received.

40. Mr. Jailani intended on using this letter to qualify for a home loan.

41. Mr. Jailani was never provided with this letter.

42. On May 19, 2021, Mr. Jailani was released from active-duty military service.

43. Between May 10, 2021 – May 26, 2021, Mr. Jailani attempted to contact Mr. Speilhagen via various and repeated methods: email, phone, text *etc.*, regarding the matter of his reemployment. He received no response.

44. Mr. Jailani was unable to obtain proof of civilian employment during this time period.

45. Which In turn, forced Mr. Jailani to suspend the home buying process.

46. On May 26, 2021, Mr. Speilhagen finally replied. He stated he was busy, but would call Mr. Jailani on May 31, 2021, when he was free.

47. Mr. Jailani never received a phone call on May 31, 2021.

COMPLAINT AND JURY DEMAND - 5

48. On June 2, 2021, Mr. Jailani sent an email to Mr. Speilhagen with a PDF copy of USERRA and informed Mr. Speilhagen of his right to reemployment.

49. On June 2, 2021, Mr. Speilhagen responded to the email. Mr. Speilhagen refused to reemploy Mr. Jailani. The last line of this email reads: **Feel free to move forward as you see fit and we will do the same.**

50. Mr. Jailani suffered harms and losses as a result of Defendants' discrimination.

51. Defendants' actions are the direct and proximate cause of Mr. Jailani's damages.

52. As a result of Defendants' unlawful conduct in violation of USERRA and the necessity of this action to seek a remedy, Mr. Jailani fears further retaliation against his employment rights by Defendants or its managers, directors or employees, for example continued attempts to cause her failure at work, to serve as a pretext for the true retaliatory reason of punishing Mr. Jailani for exercising his USERRA rights. As such, any employment relationship that Mr. Jailani may have enjoyed with Defendants prior to the filing of this action is irreparably damaged through no fault of Mr. Jailani.

53. Upon information and belief, Defendants are a party to contracts within the State of Washington, which prohibit Defendants from discriminating against veterans and military service members and further evidence of its knowing and reckless disregard for the protections afforded a service member under USERRA.

54. Upon information and belief, Defendants are a party to contracts with the United States, which prohibit Defendants from discriminating against veterans and military service members and further evidence of its knowing and reckless disregard for the protections afforded a service member under USERRA.

COMPLAINT AND JURY DEMAND - 6

55. At all times relevant hereto, Defendants had a duty to conduct themselves in compliance with the law, including USERRA and WLAD and ensure its managers and agents followed the Act.

56. The above-referenced actions by Defendants, and their agents, breached those duties.

57. Upon information and belief, Defendants maintained workplace posters that set out employer responsibilities under USERRA as required by 38 U.S.C. § 4334.

58. Defendants' alleged reasons for denying Mr. Jailani benefits of employment are a pretext created to avoid the truth and legal liability.

59. At all times relevant to this lawsuit, Defendants were aware of the law of USERRA.

60. Defendants are highly trained professionals, with experience and immediate access to the provisions of USERRA, with the support of a sophisticated Human Resources Department, including immediate access to professional human resources personnel, and specially trained employment counsel.

61. To the extent that Defendants allege application of any agreement that constitutes any limitation on Plaintiff's rights under USERRA, it is illegal, null and void, inapplicable and of no force or effect pursuant to 38 U.S.C. § 4302.

### III.  CAUSES OF ACTION

**(Count One Violation of USERRA 38 U.S.C. § 4311(a))**

62. USERRA, 38 U.S.C. § 4311(a), prohibits an employer from discriminating against any person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service with respect to, among other things, employment, reemployment, retention in

COMPLAINT AND JURY DEMAND - 7

employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation

63. Defendants discriminated against Mr. Jailani on account of his military service by terminating Mr. Jailani 's employment because of his absences due to military obligations.

**(Count Two Violation of USERRA, 38 U.S.C. § 4311(b))**

64. USERRA, 38 U.S.C. § 4311(b) provides that an employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter, (2) has testified or otherwise made a statement in or in connection with any proceeding under this chapter, (3) has assisted or otherwise participated in an investigation under this chapter, or (4) has exercised a right provided for in this chapter.

65. Mr. Jailani exercised his USERRA rights as set forth above.

66. Defendants retaliated against Mr. Jailani by terminating his employment because he exercised his rights under USERRA.

**(Count Three Violation of USERRA, 38 U.S.C. §§ 4312, 4313)**

66. USERRA, 38 U.S.C. § 4312 provides that any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits under USERRA so long as: (1) the person has given advance written or verbal notice of such service to such person's employer; (2) the cumulative length of the absence and of all previous absences from a position of employment with that employer by reason of

COMPLAINT AND JURY DEMAND - 8

service in the uniformed services does not exceed five years; (3) the person serves honorably; and (4) the person reports to, or submits an application for reemployment to, such employer in accordance with the provisions of subsection (e).

67. USERRA, 38 U.S.C. § 4313(a)(2)(A) provides that in the case of a person whose period of service in the uniformed for more than 90 days, the employer must promptly reemploy the servicemember (A) in the position of employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service, or a position of like seniority, status and pay, the duties of which the person is qualified to perform; or (B) in the position of employment in which the person was employed on the date of the commencement of the service in the uniformed services, or a position of like seniority, status and pay, the duties of which the person is qualified to perform, only if the person is not qualified to perform the duties of a position referred to in subparagraph (A) after reasonable efforts by the employer to qualify the person.

68. Mr. Jailani provided advanced, verbal and written notice, of his military service, or is excused under USERRA by the relevant circumstances by the requirement that he report for uniformed service in an extremely short period of time.

69. Mr. Jailani performed his service honorably.

70. Mr. Jailani timely gave notice of his intent to return to employment after he completed his military service obligations.

71. Defendants refused to promptly or properly reemploy Mr. Jailani, instead terminating him.

72. By refusing to reemploy Mr. Jailani promptly following his military service, Defendant violated 38 U.S.C. §§ 4312 and 4313 by, among other things, failing to

COMPLAINT AND JURY DEMAND - 9

promptly reemploy Mr. Jailani either in the position of employment in which he would have been employed if his continuous employment with Defendant had not been interrupted by his military service, or a position of like seniority, status and pay, the duties of which Mr. Jailani was qualified to perform.

**(Count Four - Violation of RCW §§ 49.60.030 & 49.60.180)**

73. Under the Washington Law Against Discrimination an employer cannot take an adverse action against an employee on, *inter alia,* account of that employee's military/veteran status.

75. Defendants violated Mr. Jailani's WLAD-guaranteed protection from military related employment discrimination for the reasons stated above.

76. Defendants' violations of the WLAD have caused Mr. Jailani damage in an amount to be proven at trial.

**(LIQUIDATED DAMAGES – 38 U.S.C. § 4323)**

77. Plaintiff is entitled to liquidated damages under USERRA because the Defendants knew, or showed reckless disregard for whether its conduct was prohibited under USERRA.

### IV.   PRAYER FOR RELIEF

WHEREFORE Mr. Jailani prays that judgement be entered against Defendants on all claims and requests that this Court award the following relief:

A.   Declare that Defendants failed to comply with USERRA, 38 U.S.C. §§ 4311, 4312, 4313 and 4323 and require that Defendants to comply with each of those sections.

B.   Require that Defendant compensate Mr. Jailani for any losses of wages or benefits in the amount to be proven at trial, including back pay, front pay, pre- and post-

judgment interest, lost benefits of employment, negative tax consequences of any award, for Defendants' failure to comply with USERRA.

    C.    For an Order requiring Defendants to pay Mr. Jailani liquidated damages for their willful violations of USERRA, pursuant to 38 U.S.C. § 4323(d)(B) and 20 C.F.R. § 1002.312(c).

    D.    For an Order requiring Defendants to include a written statement in Mr. Jailani's employment file stating Defendant violated Mr. Jailani's USERRA rights leading to this litigation, and Order that Defendants must disclose that in all future employment inquiries.

    E.    Enjoin Defendant from taking any future retaliatory action against Plaintiff or other servicemembers who attempt to enforce their rights under USERRA.

    F.    Pursuant to 38 U.S.C. § 4323(h), and as otherwise provided by law, require Defendant to pay Plaintiff's attorney fees, expert witness fees, litigation expenses and costs to bring this action.

    G.    For such other and further relief as this Court deems just and equitable.

## VI    JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure or any similar rule or law, Plaintiff demands a trial by jury for all causes of action and issues for which trial by jury is available.

Respectfully submitted this June 29, 2021.

*/s John M. Tymczyszyn*
JOHN M. TYMCZYSZYN
John T Law, PLLC
700 112th Ave NE, Suite 300
Bellevue, WA  98004
Telephone: 425.533.2156

COMPLAINT AND JURY DEMAND - 11

*/s Thomas G. Jarrard*
THOMAS G. JARRARD
Law Office of Thomas G. Jarrard, PLLC
1020 N. Washington Street
Spokane, WA  99201
Telephone: 425.239.7290

Attorneys for Plaintiff

COMPLAINT AND JURY DEMAND - 12